U.S. DISTRICT COURT - N.D. OF N.Y.
FILED
JUN 29 2020
AT ___ O'CLOCK ___
John M. Domurad, Clerk - Albany

UNITED STATES DISTRICT COURT

NORTHERN for the NEW YORK

Michele Gray, M G: (minor)

Plaintiff(s),

-vs-

Amazon, Giokfine

Defendant(s).

CASE NO.

**COMPLAINT**

1:20-cv-715 MAD/DJS

**COMPLAINT**

During the Covid-19 pandemic the local market were out of stock of tissue (toilet) paper so the Plaintiff purchase tissue (toilet) paper online on *March 20, 2020* from the Defendant (see attached receipt **exhibit 1**) The tissue paper was delivered *April 23, 2020, (*see **exhibit *2*)*.* The Plaintiff rushed to *Urgent Care the Troy Family Health Center (St. Peters Health Partner)* at *79 Vandenburgh Place Troy, New York 12180* on *June 23, 2010* by *MD Melissa Fiorini* (see attached **exhibit 3)**, a prescription from "*MD Fiorini*" for treatment (see **exhibit 4)** the doctor checks the Plaintiff's urine test and discovered the Plaintiff has an infection in the

Plaintiff's private area. The Plaintiff has a lump on the foreskin on the anal area that caused the Plaintiff to rush for care. Prior to the visit to doctor the Plaintiff was itching in the anal area for several weeks. The Plaintiff called the Defendant for the address of the company "*Giokfine*" due to the "*Covid-19 pandemic*" no phones called are being answered, the Plaintiff sent email to the company asking for the address with no response (see attached **exhibit 5**).

The Defendant states online that they are "committed to providing each customer the highest standard of customer service" The Plaintiff is unable to contact the company and "*Amazon*" hasn't answered the Plaintiff online as well. Furthermore, the defendant has very low consumer satisfaction status showing *75%* of the customer aren't satisfied, with overall company and an *89%* negative review, (see **exhibit 6)**

The Plaintiff claim Tort under the "*Third Restatement of Torts*" the influential treatise on the law of "*product liability*". A manufacturing defect occurred "the product departs from its intended design

even though all possible care was exercised in the preparation and marketing of the product.

" *Product liability"* refers to a manufacturer or seller being held liable for placing a defective product into the hands of a consumer. Responsibility for a product defect that causes injury lies with all sellers of the product

Under *Product Liability, Negligence; Breach of Contract* (warranties involving the product's quality or fitness for use: express warranty, implied warranty of merchantability, and implied warranty of fitness for a particular purpose). These and other warranties are codified in the "*Uniform Commercial Code (UCC)"*, which every state has adopted, at least in part) *and Strict Liability,* it is the responsibility of Defendants to deliver products free of defects that harm someone and to make good on that responsibility if the products are defective. The key feature of "*product liability law"* is that a person/Plaintiffs who suffers harm isn't attempted to prove negligence, but the negligence is presumed which result is "*strict liability"*. The

Defendant is absolute responsibility as the seller, or/and distributor, and manufacturer, see *DeWayne Johnson v. Monsanto Company, et al, (N.D. Cal. 2016)*

The law has developed a doctrine known as "*strict liability,*" that allows a person injured by a defective or unexpectedly dangerous product to recover compensation from the maker or seller of the product, without showing that the manufacturer or seller was actually "*negligent*". For these reasons *(1)* the consumer cannot be expected to prove whether the seller or renter of a product had a proper system for checking for manufacturer's defects, or whether the seller caused the defect after receiving the product from the manufacturer. *(2)* a consumer can't be expected to check each product before using it to see if it's defective or dangerous.

The Plaintiff claim for "*Strict Liability*" as applied to *Tort Law, "Third Restatement of Torts" and Amazon as a seller under "Second Restatement of Torts". In tort law,* in the area of torts known as *products liability,* as *strict products liability* which the

defendant holds responsibility caused injury to the Plaintiffs, See *Brown v. Superior Court, 44 Cal. 3d 1049, 1056-57 (1988).*

The suffer "*emotional distress*" of "*Mental Anguish*" such as fright, terror, apprehension, nervousness, anxiety, worry, humiliation, mortification, feeling of lost dignity, embarrassment, grief, and shock,

*Under the Tort law, Title 28 U.S. Code § 2671 -* Damages in tort claims to protects people from harms which result from the wrongful conduct of others, to property, and/also emotional or psychological harm as a distinct form of injury. This recognition was a result of a historical development, as society increasingly understood the severity and the long-lasting consequences of mental injury, *(June 25, 1948, Ch. 646, 62 Stat. 982.*

*Title 15 U.S. Code § 6611(b)(5).* Damages in tort claims is an under this traditional common law, Plaintiffs could sue for damages due to emotional distress for mental harms as recoverable of torts, as

an additional harm if they also suffered physical injury or the threat of physical injury. Eventually, the courts recognized the infliction of psychological injury as its own independent cause of action, even without any accompanying harm to a person or property, *W. Page Keeton et al., Prosser & Keeton on the Law of Torts § 12, at 57 (5th ed. 1984), (Pub. L. 106-37, § 12, July 20, 1999, 113 Stat. 199.)*

---

In the case, *Erie Insurance Co. v. Amazon.com, No. 18-1198 (4th Cir. 2019)* The court explained that insofar as liability in Maryland for defective products falls on "sellers" and manufacturers (who are also sellers), it is imposed on owners of personal property who transfer title to purchasers of that property for a price. The "*Fourth Circuit*" also held that, although Amazon was not immune from suit under the *Communications Decency Act, 47 U.S.C. 230(c)(1), (June 19, 1934, Ch. 652, title II, § 230, as added Pub. L. 104-104, title V, § 509, Feb. 8, 1996, 110 Stat. 137.*

In the case "*Oberdorf vs Amazon*" the plaintiff became permanently blind by a defective retractable leash. The plaintiff appealed her case and it was brought before the "*Third Circuit*". A surprising *2-1 decision in July,* a three-judge panel said "*Amazon*" was liable as a seller of products sold by third-party vendors, further state, The "*Third Circuit*" vacated and remanded, *Amazon* is a "seller" under *section 402A* of the "*Second Restatement of Torts*", *Argued October 3, 2018* "and *Opinion filed: July 3, 2019*, *Oberdorf v. Amazon.com Inc, No. 18-1041 (3d Cir. 2019).*

*Judge Kevin McNulty federal district court in New Jersey* referenced "*Oberdorf*" in a case where a boy was injured by a scooter brought on "Amazon" in 2015, the judge wrote, "*Amazon's* control of the product, its relationship with

the third-party sellers, and the structure of the "*Amazon*" marketplace all weigh in favor of finding that '*Amazon*" was a seller, not a mere broker or facilitator".

Prior to the "*Oberdorf*" case Amazon felt sort to come to realization liability is coming when "*Amazon*" settled a case in 2014 where a 23-year-old Missouri man died after his helmet came off in a motorcycle accident purchased on "*Amazon*", for $5,000, but admitted no liability.

The Plaintiff mention "*Amazon*" didn't response with the "*third-party seller*" Giokfine's address, "*Amazon*" has a responsible to contact the consumer with basic information regarding their "*third-party seller*" and/or disassociate with companies that fall below a percentage of consumer review

---

Plaintiffs Defend Complaint

Under FRAP 27(b) that this court may act on a motion for a procedural on dispositive order– in this case, authorize its clerk to act on specified types of procedural motions. A party adversely affected by the courts, or the clerk's, action may file a motion to reconsider, vacate, or modify that action, a motion requesting that relief must be filed.

The *U.S. Supreme Court* had defined when federal judges can dismiss as "*frivolous*" certain lawsuits brought by convicts and others who cannot afford to pay normal court costs. The court, in a *7-2 ruling*, said it is largely up to a federal judge to determine when a lawsuit is legally frivolous and thus need not be litigated.

The ruling reversed a decision of the *Ninth Circuit Court of Appeals*, which had said a federal judge could dismiss a lawsuit against the government as frivolous *only* if the allegations "*conflicted with judicially noticeable facts*."

The *Ninth Circuit said*, in effect, a judge could invoke the frivolous standard only if he had factual evidence that an allegation could not be true. The judges in this case can't prove the Plaintiffs complaint isn't true.

"A court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's

allegations," *justice Sandra O'Connor* wrote for the court. While on this first glance, charges "must be weighted in favor of the plaintiff," judges are left largely to their common sense in deciding whether to dismiss a case, the court said. But *O'Connor* wrote such a complaint cannot be dismissed "simply because the court finds the plaintiff's allegations unlikely," noting the "age-old insight that many allegations might be 'strange, but true.'"

The ruling further defined the court's *1989 Neitzke v. Williams* ruling. The issue was important to prisoners because they often cannot afford the normal court filing fees. In a one-paragraph dissent, *Justice John Paul Stevens*, joined by *Justice Harry Blackmun*, wrote that while he agreed with the court's standard announced in this opinion, it is "entirely consistent" with the *Ninth Circuit's ruling* and Hernandez should be allowed to pursue his case. *See Denton v. Hernandez, ___ S.Ct. ___ (1992).*

The *Constitution's Fifth Amendment* adamantly commands that no person may be "deprived of life,

liberty or property without due process of law" by any act of the federal government and legal proceedings carried out regularly and in accordance with established rules and principles called *procedural due process.* A basic threshold issue respecting whether due process is satisfied is whether the government conduct being examined is a part of a criminal or civil proceeding, *see Medina v. California 505 U.S. 437, 443 (1992)*, and having to litigant with full benefit of fair trial and the law applicable to all those in like condition, and not deprived of property without due process of law, even if regarded as deprived of property by an adverse result, see *Marchant* v. *Pennsylvania R.R., 153 U.S. 380, 386 (1894).*

*Under the Federal Regulation 5 CFR § 732.301* regarding due process on decision made unfavorable decision, *5 CFR § 732.301(b)* comply with all applicable administrative due process requirements, as provided by law, rule, or regulation, *5 CFR § 732.301(c (1)* reason for decision, *5 CFR § 732.301(c (2* opportunity to respond, *5 CFR § 732.301(c (3)* notice if appeal rights, *5 CFR § 732.301 (d)* consider all available information

in reaching its final decision, *5 CFR § 732.301(e)* keep record of action, *[56 FR 18654, Apr. 23, 1991, as amended at 66 FR 66711, Dec. 27, 2001]*

*Carlton Fields v. Director of CDCR, et al vs U.S. District Court for Eastern California, Sacramento on 04/09/2020* case reversed determined that Plaintiffs case wasn't frivolous and unable to state a claim dismissed

U.S Supreme court has stated under *Rule 12 (b)(6):* "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claim only appear to be the case but not definite" *416 US.232,236,236 (1974)*. Rather, "a complaint should not be dismissed for failure to state a claim: *Conley v. Gibson, 355 U.S. 41, 45-46 (1975)*. "Dismissal without leave to amend is improper as if, no amendment can save the complaint" Wright and Miller, *Federal Practice and Procedure, vol 5A 1357*.

<u>Relief</u>

The Plaintiff seeking redress through tort law of "*Product Liability*" under "*Strict Liability, Negligence and Breach of Contract*", under the Tort Law, *section 402A* of the "*Second Restatement of Torts* and "*Third Restatement of Torts*"; *Title. 28 U.S. Code § 2671 and Title 15 U.S. Code § 6611(b)(5)* for "*Mental Anguish*" asking for damages in the form of monetary compensation of *$950.000* damages and punitive damages in addition to compensatory damages to deter further misconduct in amount of *$350.000.* Total relief *1.3 million dollars* include compensation and punitive damages. I declare under penalty of perjury that the foregoing is true and correct. *(28 U.S.C. 1746).*

*Dated June 27, 2020*

**EXHIBIT1**

amazon.com

**Final Details for Order #111-1856071-9717030**
Print this page for your records.

**Order Placed:** March 20, 2020
**Amazon.com order number:** 111-1856071-9717030
**Order Total: $15.01**

| Shipped on March 24, 2020 | |
|---|---|
| **Items Ordered**<br>1 of: *giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue*<br>Sold by: giokfine (seller profile)<br>Condition: New | **Price**<br>$10.00 |
| **Shipping Address:**<br>Makai Gray<br>165A VANDENBURGH PL A<br>TROY, NY 12180-6048<br>United States<br><br>**Shipping Speed:**<br>Standard Shipping | |

| Payment information | |
|---|---|
| **Payment Method:**<br>Visa \| Last digits: 2013<br><br>**Billing address**<br>Michele Gray<br>25 West 132nd Street #8E<br>New York, N.Y. 10037<br>United States | Item(s) Subtotal: $10.00<br>Shipping & Handling: $3.90<br>-----<br>Total before tax: $13.90<br>Estimated tax to be collected: $1.11<br>-----<br>**Grand Total: $15.01** |
| **Credit Card transactions** | Visa ending in 2013: March 24, 2020: $15.01 |

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2020, Amazon.com, Inc. or its affiliates

# EXHIBIT 2



amazon prime
Deliver to Makai Troy 12180
Hello, makai Account & Lists · Returns & Orders · Prime · Cart
Whole Foods · Prime Video · Customer Service · Pantry · Browsing History · New Releases · Explore the Hobby Shop

Your Account › Your Orders › Order Details

## Order Details

Ordered on March 20, 2020 Order# 111-1856071-9717030

View or Print invoice

**Shipping Address**
Makai Gray
165A VANDENBURGH PL A
TROY, NY 12180-6048
United States

**Payment Method**
VISA **** 2013

**Order Summary**

| | |
|---|---|
| Item(s) Subtotal: | $10.00 |
| Shipping & Handling: | $3.90 |
| Total before tax: | $13.90 |
| Estimated tax to be collected: | $1.11 |
| **Grand Total:** | **$15.01** |

See tax and seller information

› Transactions

**Delivered Apr 23, 2020**

giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue
Sold by: giokfine
$10.00
Condition: New
Buy it again

Return or replace items
Problem with order
Share gift receipt
Write a product review
Archive order

# EXHIBIT 3

Olin Callaghan
Physician Assistant

Troy Family Health Center
*Operated by Samaritan Hospital*

79 Vandenburgh Avenue
Troy, NY 12180
TEL 518.271.0063
FAX 518.271.0298




sphpma.com

**EXHIBIT 4**

RITE AID-82 VANDENBURGH AVE
83 VANDENBURGH AVE
TROY, NY 12180-6024

(518) 272-1355
Store DEA : BR5272579
RPH : FQ1

Rx 10687 0595206

Date Filled : 06/23/2020

GRAY, MICHELE

(929) 318-5589

165A VANDENBURGH PL
TROY, NY 12180

CEFDINIR 300 MG CAPSULE
NDC : 16714-0391-02 QTY : 10

DAW : 0
DAYS SUPPLY : 5

FIORINI, MELISSA M MD
79 VANDENBURGH AVE
TROY, NY 12180
NO REFILLS LEFT

ADVANCEPCS MED D CVS/CRMARK (BIN#004336
GRP: 788257 CLM REF#: 2017544693071989999

RITE AID PHARMACY

U&C: $59.99

**EXHIBIT 5**


5:10 PM Tue Jun 23
64%
amazon.com
SELLER
giokfine
View Seller Profile
PRODUCT
giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue
ORDER PLACED
March 20, 2020
ORDER NUMBER
111-1856071-9717030
EXPECTED BY
May 1, 2020 - May 22, 2020
Other issue
Change
What would you like to do?
Contact seller
Other issue
Contact the seller and allow the seller two days to get back to you
I need your physical address
3985 characters remaining
Send

# EXHIBIT 5A

Deliver to Makai
Troy 12180
Whole Foods
Prime Video
Customer Service
Pantry
Browsing History
New Releases
Shop The Big Style Sale
Your Account › Your Orders › Problem with order
Problem with order
SELLER
giokfine
View Seller Profile
PRODUCT
giokfine 10 Roll White Toilet Paper Toilet Roll Tissue Roll Pack of 10 4Ply Paper Towels Tissue
ORDER PLACED
March 20, 2020
ORDER NUMBER
111-1856071-9717030
EXPECTED BY
May 1, 2020 - May 22, 2020
Message sent
If the seller does not resolve your issue within 48 hours of the first message, you can revisit this page to check if you are eligible to request an A-to-z Guarantee refund.

# giokfine

giokfine storefront

★★☆☆☆ **22% positive** in the last 12 months (401 ratings)

giokfine is committed to providing each customer with the highest standard of customer service.

**Have a question for giokfine?**

Ask a question

Feedback | Returns & Refunds | Shipping | Policies | Help | Products

★★★★★ *"Satisfied"*

By Nancy on June 19, 2020.

★☆☆☆☆ *"This was ordered March 17th. I received an email June 16th simply stating it had been shipped, no tracking, no estimated arrival. No communication between March..."*

Read more

By kalibeans on June 17, 2020.

★☆☆☆☆ *"Horrible. Dishonest. Terrible quality. Watch for this seller on any*

| | 30 days | 90 days | 12 months | Lifetime |
|---|---|---|---|---|
| Positive | 8% | 9% | 22% | 24% |
| Neutral | 3% | 3% | 3% | 4% |
| Negative | 89% | 89% | 74% | 73% |
| Count | 38 | 305 | 401 | 408 |

EXHIBIT 6

SIGNATURE
Michele Gray, M G
{minor}
165A Vandenburgh Place
Troy, New York 12180