**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

MICHELE GRAY *and on behalf of M.G., minor*,

                      Plaintiffs,

          - v -                                  1:20-CV-715
                                                    (MAD/DJS)
AMAZON and GIOKFINE,

                      Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

MICHELE GRAY
Plaintiff, *Pro Se*
165A Vandenburgh Place
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court a *pro se* Complaint filed by Michele Gray. Dkt. No. 1. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in Forma Pauperis* (IFP). Dkt. No. 2. By separate Order, this Court granted Plaintiff's Application to proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

#### A. Pleading Requirements

      Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the

court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Furthermore, a court's initial review of a complaint under § 1915(e) must encompass the applicable standards of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov.

3

30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

> **(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court.  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (internal quotation marks omitted).  In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous.  *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

4

### B. Allegations Contained in Plaintiff's Complaint

In the present Complaint, Plaintiff alleges that when her local markets were out of toilet paper during the COVID-19 pandemic, she ordered toilet paper online from Defendants, on March 20, 2020. Dkt. No. 1, Compl., p. 1. She alleges that she suffered discomfort, and upon going to urgent care for treatment discovered that she has an infection. *Id.* at pp. 1-2. Plaintiff alleges that she has called and e-mailed Defendant Giokfine, but has received no response; she has received no response from Defendant Amazon either. *Id.* at p. 2. Plaintiff alleges that there was a manufacturing defect and brings a products liability claim against Defendants, alleging that Defendants should be held strictly liable. *Id.* at pp. 2-4 & 13. She appears to allege that Defendant Giokfine was a third-party seller, and that she bought the products through Defendant Amazon. *Id.* at pp. 6-8. She seeks compensatory damages and punitive damages. *Id.* at p. 13.[1]

### C. Analysis of Plaintiff's Claims

#### *1. Jurisdiction Over Plaintiff's Claims*

Initially, Plaintiff is suing two private companies[2] for tort[3] in federal court. As such, she must plead diversity. "Federal courts have an independent obligation to

---

[1] Plaintiff has filed a separate products liability complaint against Poland Spring. Civ. No. 1:20-cv-713. In both the present matter and that action, Plaintiff has attached the same photo of a prescription that she took as a result of her alleged injuries. The Court notes that these matters may be related.

[2] The Complaint references the Federal Tort Claims Act; however, that statute only authorizes actions against the United States, which is not a defendant in this action. *See* 28 U.S.C. § 1346(b); *Arias-Rios v. United States Postal Serv.*, 2008 WL 11420060, at *4 (E.D.N.Y. July 9, 2008) (citations omitted).

[3] The Complaint also cites various federal laws and regulations, but does not make clear in what way they pertain to Plaintiff's claims, or whether she intends to assert causes of action based on those statutes.

determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Bey v. Jones*, 2019 WL 2028703 at *1 (E.D.N.Y. May 8, 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). In order for the Court to have jurisdiction over the matter, there must either be federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction arises in an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Complaint does not appear to assert claims that would give this Court federal question jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between

> (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). The Complaint does not properly plead diversity jurisdiction; in particular, Plaintiff does not plead the citizenship of Defendants. Indeed, the Complaint concedes she does not know the address for Defendant Giokfine. Compl. at p. 2. As such, the Court has no basis to assume jurisdiction over this case, and recommends that the action be dismissed.

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint

6

gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). The Court recommends that Plaintiff be given the opportunity to amend her Complaint, as it is possible a claim may be stated with better pleading.

### 2. *The Status of M.G. as a Plaintiff in this Case*

M.G., a minor, is listed on the Complaint as a Plaintiff as well as on the Civil Cover Sheet. Compl. and Dkt. No. 1-1, Civil Cover Sheet. Initially, no allegations relating to M.G. appear in the Complaint. The Court therefore recommends that M.G. be dismissed from this lawsuit.

In addition, Plaintiff may not bring this suit on behalf of a minor. While a litigant in federal court has the right to act as his or her own counsel, "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted). This rule extends to parents: "[A] parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child." *Tindall v. Pultney High School Dist.*, 414 F.3d 281, 284-85 (2d Cir. 2005). Therefore, insofar as the Complaint seeks to assert claims on behalf of a minor, it should be dismissed. *Bullock v. DSS, CPS, Comm'r*, 2018 WL 1115218, at *4 (N.D.N.Y. Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 1111059 (N.D.N.Y. Feb. 26, 2018). That dismissal, however, should be without prejudice to allow

the minor, when properly represented by legal counsel, to reassert these claims. I therefore recommend that, should Plaintiff be afforded the opportunity to file a further amended complaint, she be provided time to retain counsel or to request counsel be appointed for M.G.[4]

### 3. *Form of the Complaint*

Finally, the Court notes that the Complaint fails to satisfy the basic pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. The Complaint fails to make clear what claims Plaintiff intends to assert and on what legal theory each claim is based, referencing a variety of statutes without connecting them to a claim. Further, the Complaint does not conform with pleading standards, failing to provide facts in enumerated paragraphs.

The Court advises Plaintiff that should she be permitted to amend her Complaint, any amended pleading she submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. **Plaintiff should only submit one single complaint which contains all of the facts and causes of actions she wishes to assert**. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint**

---

[4] There is no legal right to counsel in civil cases. However, 28 U.S.C. § 1915 specifically provides that a court may request an attorney to represent any person "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Court cautions Plaintiff that while counsel may be appointed in appropriate circumstances, *see* FED. R. CIV. P 17(c); 28 U.S.C. § 1915(e)(1), counsel is not appointed in many cases, particularly where, as here, there is not a fully developed record from which an assessment of the merits of the case can be made. *See Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986) (stating that, in determining whether to appoint counsel, the court must first determine whether the indigent's claims are likely to be of substance, and then consider a number of factors regarding the nature of the case and the indigent's abilities).

**filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**.  Any amended complaint submitted by Plaintiff must set forth all of the claims she intends to assert against any defendant and must demonstrate that a case or controversy exists between the Plaintiff and the defendants which Plaintiff has a legal right to pursue and over which this Court has jurisdiction.  If Plaintiff is alleging that the named defendants violated a law, she should specifically make reference to such law.

Finally, if Plaintiff does not obtain counsel for M.G., she should remove all claims asserted on behalf of the minor in any amended complaint.

## II. PLAINTIFF'S MOTION TO APPOINT COUNSEL

Plaintiff has also submitted a request for appointment of counsel.  Dkt. No. 3.  The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector.  *Id.*

As an initial matter, "[a] party has no constitutionally guaranteed right to the assistance of counsel in a civil case." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d 62, 68 (2d Cir. 2011) (citations omitted).  Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997).  Instead, a number of factors must be carefully considered by the court in ruling upon such a motion.  As a threshold matter, the court should ascertain whether the indigent's claims seem likely to

be of substance. A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. If the court finds that the claims have substance, the court should then consider:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

In the present matter, the Court has recommended dismissal of the action. As such, the Court cannot find that Plaintiff's claims are likely to be of substance. Plaintiff's Motion is therefore denied.

### III. PLAINTIFF'S REQUEST TO PARTICIPATE IN ELECTRONIC FILING

Finally, Plaintiff has submitted a request to participate in electronic filing. Dkt. No. 4. At this time, because the Court is recommending that Plaintiff's Complaint be dismissed, Plaintiff's Motion is denied. Should Plaintiff successfully replead her

10

Complaint, however, and the case move forward, Plaintiff may again move for access to electronic filing.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) be **dismissed with leave to replead**; and it is further

**RECOMMENDED**, that insofar as the Complaint seeks to assert claims on behalf of a minor, that such claims be **DIMISSSED WITHOUT PREJUDICE**, but shall not be repled until the minor is properly represented by counsel; and it is

**ORDERED**, that Plaintiff's Motion to Appoint Counsel (Dkt. No. 3) is **denied without prejudice**; and it is further

**ORDERED**, that Plaintiff's Motion to Participate in Electronic Filing (Dkt. No. 4) is **denied without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

11

with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 31, 2020
       Albany, New York

*/s/ Daniel J. Stewart*
Daniel J. Stewart
U.S. Magistrate Judge