**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHELE GRAY *and on behalf of M.G., minor*,

                Plaintiffs,

  - v -                                      1:20-CV-715
                                                         (MAD/DJS)

AMAZON,

                Defendant.

**APPEARANCES:**                                  **OF COUNSEL:**

MICHELE GRAY
Plaintiff, *Pro Se*
165A Vandenburgh Place
Troy, NY 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

    *Pro se* Plaintiff filed a Complaint in this action on behalf of herself, as well as purportedly on behalf of a minor on June 29, 2020. Dkt. No. 1. At that time, she also moved for the appointment of counsel and for leave to proceed *in forma pauperis*. Dkt. Nos. 2 & 3. This Court granted Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* and denied her motion to appoint counsel. Dkt. Nos. 7 & 8. Upon reviewing the Complaint pursuant to 28 U.S.C. § 1915(e), the Court recommended that the Complaint be dismissed with leave to replead, and that to the extent Plaintiff sought to assert claims on behalf of a minor, that such claims be dismissed without prejudice, but not to be repled unless the minor is properly represented by counsel. Dkt. No. 8. Plaintiff

then paid the filing fee, and filed a motion to appoint a guardian ad litem, a motion to appoint counsel, and an amended complaint. Dkt. Nos. 14, 15, & 22. The District Court has referred the Amended Complaint to the undersigned for review. Dkt. No. 16.

## I. DISCUSSION

### A. Pleading Requirements

The Court outlined the standard for reviewing a *pro se* complaint in its Report-Recommendation on Plaintiff's initial Complaint, and will not repeat it herein. *See* Dkt. No. 8 at pp. 1-4.

Plaintiff has now paid the filing fee; however, the Court has the inherent power to review the Amended Complaint *sua sponte* to determine whether the Amended Complaint is frivolous and whether the Court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); *see also Morse v. Network of Al-Queda Attorneys*, 2012 WL 1155821, at *4 (E.D.N.Y. Apr. 5, 2012) (collecting cases).

### B. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint is very similar to her original Complaint; it alleges that she ordered toilet paper online from Defendant, on March 20, 2020. Dkt. No. 15, Am. Compl., p. 1. She alleges that she suffered discomfort, and upon going to urgent care for treatment discovered that she had an infection. *Id.* at pp. 1-2. Plaintiff alleges that there was a manufacturing defect and brings a products liability claim against

2

Defendant, contending that Defendant should be held strictly liable. *Id.* at pp. 3-13. She seeks compensatory damages and punitive damages. *Id.* at p. 20.

### C. Analysis of the Amended Complaint

Plaintiff's Amended Complaint is faulty for the same reasons outlined with respect to her original Complaint. The Court lacks jurisdiction over the Amended Complaint as pled. "Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Bey v. Jones*, 2019 WL 2028703 at *1 (E.D.N.Y. May 8, 2019) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). In order for the Court to have jurisdiction over the matter, there must either be federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction arises in an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Amended Complaint does not appear to assert claims that would give this Court federal question jurisdiction. Plaintiff's claims for negligence, breach of warranty, and products liability, Am. Compl. at pp. 9-10, are traditional state common law questions that do not "arise under" federal law. Nor do the federal statutes cited by Plaintiff form a basis for federal question jurisdiction since they bear no apparent relationship to the facts alleged in the Amended Complaint. *See* 28 U.S.C. § 2671 (providing definitions for federal agencies and employees); 15 U.S.C. § 6611 (discussing tort liability for Y2K litigation).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between

> (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). "For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1027 (2d Cir. 1992) (citing 28 U.S.C. § 1332(c)(1)); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005). The Amended Complaint does not properly plead diversity jurisdiction. Indeed, Plaintiff alleges that Defendant's principal place of business "is located in this state," and that Plaintiff is a resident of this state. Am. Compl. at p. 3. As such, Plaintiff appears to be alleging that there is not diversity jurisdiction. The Court therefore has no basis to assume jurisdiction over this case, and recommends that the action be dismissed. *See Kruglov v. Copart of Connecticut,* Inc.*,* 771 Fed. Appx. 117 (2d Cir. July 2, 2019) (summary order).

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting

4

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). As such, the Court recommends that Plaintiff be given another opportunity to amend her Complaint, as it is possible a claim may be stated with better pleading. As described in detail in the Court's previous Report-Recommendation and Order, should Plaintiff be granted the opportunity to amend the complaint another time, any further amended complaint must comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. *See* Dkt. No. 8 at pp. 8-9.

## II. PLAINTIFF'S MOTIONS TO APPOINT COUNSEL AND A GUARDIAN AD LITEM

Plaintiff has also submitted a renewed request for appointment of counsel. Dkt. No. 22. The application indicates that Plaintiff has been unsuccessful in her efforts to obtain counsel on her own from the private sector, and explains that she feels she will be unable to litigate the case without an attorney. *Id.*

As explained in relation to Plaintiff's initial request for appointment of an attorney, in determining whether to appoint an attorney, the Court must ascertain as a threshold matter whether the indigent's claims seem "likely to be of substance." *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986). A motion for appointment of counsel may be properly denied if the court concludes that the plaintiff's "chances of success are highly dubious." *Leftridge v. Connecticut State Trooper Officer No. 1283*, 640 F.3d at 69. At this point, the Court has recommended dismissal of the action. As such, the Court cannot

find that Plaintiff's claims are likely to be of substance. Plaintiff's Motion is therefore denied.

Finally, Plaintiff has filed a motion to appoint a guardian ad litem for M.G. Dkt. No. 14. An application for appointment of counsel or a guardian ad litem for a minor requires the same considerations as Plaintiff's motion for appointment of counsel. Plaintiff's claims brought on behalf of M.G. are not likely to be of substance due to lack of jurisdiction; therefore, appointment of counsel for M.G. is unwarranted. *See Wenger v. Canastota Cent. Sch. Dist.*, 181 F.3d 84 (2d Cir. 1999) (summary order); *Bishop v. Porter*, 2003 WL 21032011, *12 (S.D.N.Y. May 8, 2003); *Dunbar v. Colasanto*, 2006 WL 798883, at *1 (D. Conn. Mar. 24, 2006). As such, the Court recommends that any claims on behalf of M.G. be dismissed, with leave to replead.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint (Dkt. No. 15) be **dismissed with leave to replead**; and it is further

**RECOMMENDED**, that insofar as the Amended Complaint seeks to assert claims on behalf of a minor, that such claims be **dismissed without prejudice**; and it is

**ORDERED**, that Plaintiff's Second Motion to Appoint Counsel (Dkt. No. 22) is **denied without prejudice**; and it is further

**ORDERED**, that Plaintiff's Motion to Appoint a Guardian Ad Litem (Dkt. No. 14) is **denied without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[1] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 29, 2020
   Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[1] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).