UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**MICHELE GRAY**, *and on behalf of B.G., a minor*,

                         **Plaintiff,**

   vs.                                                1:20-cv-715
                                                            (MAD/DJS)

**AMAZON,**

                         **Defendant.**
_____

**APPEARANCES:**                                        **OF COUNSEL:**

**MICHELE GRAY**
165A Vandenburgh Place
Troy, New York 12180
Plaintiff *pro se*

**PERKINS COIE LLP**                            **JEFFREY D. VANACORE, ESQ.**
1155 Avenue of the Americas – 22nd Floor
New York, New York 10036
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On June 29, 2020, Plaintiff commenced this action *pro se* alleging that when her local markets were out of toilet paper during the COVID-19 pandemic, she ordered toilet paper online from Defendant on March 20, 2020.  *See* Dkt. No. 1 at 1.  In her original complaint, Plaintiff alleged that, upon using the toilet paper, she suffered discomfort and, upon going to urgent care for treatment, she discovered that he had an infection.  *See id.* at 1-2.  Plaintiff claimed that she called and e-mailed both Giokfine[1] and Defendant, but received no response from either.  *See id.*

---

[1] Plaintiff originally named Giokfine as a Defendant in this action, but subsequently voluntarily dismissed them from this action.

at 2. Plaintiff claims that there was a manufacturing defect in the toilet paper and brought this action alleging a product liability claim against Defendant. *See id.* at 2-4, 13.

In a Report-Recommendation and Order dated July 31, 2020, Magistrate Judge Stewart reviewed the sufficiency of the complaint. *See* Dkt. No. 8. Initially, Magistrate Judge Stewart found that the complaint should be dismissed with leave to replead because Plaintiff failed to adequately plead diversity jurisdiction, in that she failed to allege the citizenship of Amazon or Giokfine. *See id.* at 5-7. Next, Magistrate Judge Stewart found that, to the extent that Plaintiff is attempting to bring a claim on behalf of her minor child M.G., the claim should be dismissed because no allegations relating to M.G. appear in the complaint and because Plaintiff may not bring suit on behalf of a minor. *See id.* at 6-8. Finally, Magistrate Judge Stewart found that, in the alternative, the Court should dismiss the complaint because Plaintiff failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *See id.* at 8-9.

On August 10, 2020, before the Court could act on Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff filed an amended complaint. *See* Dkt. No. 15. In light of Plaintiff's amended complaint, which was filed as of right, the Court terminated the pending Report-Recommendation and Order and referred this action back to Magistrate Judge Stewart for an initial review of the amended complaint. *See* Dkt. No. 16.

In a Report-Recommendation and Order dated September 29, 2020, Magistrate Judge Stewart again recommended that the Court dismiss Plaintiff's amended complaint. *See* Dkt. No. 26. Specifically, Magistrate Judge Stewart found that Plaintiff's amended complaint is subject to dismissal for the same reasons outlined with respect to her original complaint. *See id.* at 3-7. Specifically, Magistrate Judge Stewart found that the amended complaint fails to allege a basis for the Court to find either federal question or diversity jurisdiction. *See id.* at 3. In light of her *pro*

*se* status, however, Magistrate Judge Stewart recommended that the Court grant Plaintiff one final opportunity to amend her complaint. *See id.* at 5. Neither party objected to Magistrate Judge Stewart's Report-Recommendation and Order.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has held that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan*, 289 F. Supp. 2d at 295 (quoting *Taguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

In the present matter, the Court finds that Magistrate Judge Stewart correctly determined that the Court should dismiss Plaintiff's amended complaint without prejudice. In order for the Court to have subject-matter jurisdiction over this matter, there must be either federal question or diversity jurisdiction. *See* 28 U.S.C. §§ 1331 & 1332. Federal question jurisdiction is present in

an action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As Magistrate Judge Stewart correctly determined, the amended complaint fails to assert claims that would give the Court federal question jurisdiction. Rather, Plaintiff's claims for negligence, breach of warranty, and products liability, Dkt. No. 15 at 9-10, are traditional state common law claims that do not "arise under" federal law. Further, although Plaintiff does cite to federal statutes in her amended complaint, they bear no apparent relationship to the facts alleged in the amended complaint and do not form a basis for federal question jurisdiction. *See*, *e.g.*, 28 U.S.C. § 2671 (providing definitions for federal agencies and employees); 15 U.S.C. § 6611 (discussing tort liability for Y2K litigation).

Moreover, Plaintiff has failed to plead facts establishing diversity jurisdiction. Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the matter is between

> (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

28 U.S.C. § 1332(a). "For diversity purposes, a corporation is deemed to be a citizen both of the state in which it has its principal place of business and of any state in which it is incorporated." *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1027 (2d Cir. 1992) (citation omitted).

Here, Plaintiff's amended complaint does not properly plead diversity jurisdiction. Rather, Plaintiff alleges that Defendant's principal place of business "is located in this state," and that Plaintiff is a resident of this state. As such, the Court has no basis to assume jurisdiction over this case. *See Kruglov v. Copart of Conn., Inc.*, 771 Fed. Appx. 117, 118 (2d Cir. 2019). Moreover,

4

even assuming that Plaintiff had adequately pled complete diversity, the Court has serious doubts that the amount in controversy is in excess of the statutory jurisdictional amount. *See Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quotation omitted).

Finally, the Court finds that Magistrate Judge Stewart correctly determined that, to the extent that Plaintiff is attempting to assert claims on behalf of a minor, they must be dismissed because "[a] person who has not been admitted to the practice of law may not represent anybody other than himself." *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) (citation omitted).

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 26) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's amended complaint (Dkt. No. 15) is **DISMISSED without prejudice**; and the Court further

**ORDERS** that Plaintiff shall file her second amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file a second amended complaint within thirty (30) days of the date of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case without further order from this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 14, 2021
       Albany, New York

*/s/ Mae A. D'Agostino*
Mae A. D'Agostino
U.S. District Judge